# IN THE UNITED STATES DISTRICT COURT
# FOR THE NORTHERN DISTRICT OF ILLINOIS
# EASTERN DIVISION

| | | |
|---|---|---|
| PRESTON STRAUB, | ) | |
| | ) | |
| *Plaintiff*, | ) | No. 17 C 06401 |
| v. | ) | |
| | ) | Hon. Virginia M. Kendall |
| JEWEL FOOD STORES, INC., | ) | |
| | ) | |
| *Defendant*. | ) | |

## MEMORANDUM OPINION AND ORDER

Preston Straub ("Straub") sued Jewel Food Stores, Inc. ("Jewel") alleging employment discrimination under the Age Discrimination and Employment Act of 1967, 29 U.S.C. § 623 ("ADEA"), Title VII of the Civil Rights Act of 1964, 42 U.S.C. §§ 2000e-2, 2000e-3, and 42 U.S.C. § 1981 ("Section 1981). (Dkt. No. 1.) Straub's claims include age and color discrimination (Counts I-II), the failure to promote (Count III), sexual harassment (Count IV), and retaliation (Counts V, VI). (*Id*. at 3-4.) Jewel seeks dismissal on all counts except age discrimination for failure to state a claim upon which relief may be granted pursuant to Fed. R. Civ. P. 12(b)(6). (Dkt. No. 17.) The Court grants Jewel's motion for the following reasons. [17.]

## **BACKGROUND**[1]

Straub was employed at a Jewel location in Downers Grove, Illinois from 2001 until his termination in 2016. *See* (Dkt. No. 1, at 9) (EEOC Charge). While employed at Jewel, Straub filed a 2010 EEOC Charge that he claims resulted in harassment and a

---

[1] This Court takes all facts alleged in the Complaint as true for the purpose of this motion. *See Vinson v. Vermillion Cnty, Ill.*, 776 F.3d 924, 925 (7th Cir. 2015). Additionally, the exhibits attached to the Complaint are incorporated into the pleading for the purpose of Rule 12(b)(6) motions. *See Thompson v. Ill. Dept. of Prof'l Regulation*, 300 F.3d 750, 753 (7th Cir. 2002).

1

change to his work assignments. (*Id.*) He further alleges that he was demoted three times, including once after filing the 2010 EEOC charge. (*Id.* at 6.) Jewel fired Straub after an altercation with another coworker on or about December 10, 2016. (*Id.* at 2, 6.) Prior to the altercation, Straub complained to "the Unions, Management and Corporate Office," which he claims served as the basis for his termination after the altercation with his coworker. (*Id.* at 6.) Although Jewel terminated Straub, "other young black employees that were in an actual fist fight were not fired and only received a suspension." (*Id.*) Straub's form employment discrimination Complaint includes allegations of age and color discrimination, unlawful termination, the failure to promote, the failure to stop harassment, retaliation for asserting protected rights, and sexual harassment.[2] (*Id.* at 3-4.) Straub attached his Right to Sue letter from the EEOC, issued June 2, 2017, and his EEOC Charge claiming violations based on race, retaliation, and age.

## LEGAL STANDARD

When considering a motion to dismiss under Rule 12(b)(6), the Court accepts as true all facts alleged in the complaint and construe all reasonable inferences in favor of the plaintiff. *Cannici v. Vill. of Melrose Park*, 885 F.3d 476, 479 (7th Cir. 2018). In doing so the complaint must contain "sufficient factual material, accepted as true, to 'state a claim to relief that is plausible on its face.'" *Ashcroft v. Iqbal*, 556 U.S. 662 (2009) (quoting *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 570 (2007)). "Plausibility does not mean probability: a court reviewing a 12(b)(6) motion must 'ask itself *could* these things have happened, not *did* they happen.'" *Huri v. Office of the Chief Judge of the Circuit Court of Cook Cnty.*, 804 F.3d 826, 832-33 (7th Cir. 2015) (citing *Swanson v.*

---

[2] Under Question 12(h) ("other (specify)") Straub wrote "Sexual Innuendo," which the Court construes as a claim for sexual harassment for the purpose of reviewing the motion to dismiss.

2

*Citibank*, 614 F.3d 400, 405 (7th Cir. 2010)). In order to satisfy this pleading requirement, the plaintiff must provide enough facts to raise a reasonable expectation that discovery will reveal evidence supporting the allegations. *Olson v. Champaign Cnty.*, 784 F.3d 1093, 1099 (7th Cir. 2015). The Court reviews documents attached to a pleading as part thereof for all purposes "if they are referred to in the plaintiff's complaint and are central to his claim." *188 LLC v. Trinity Indus.*, 300 F.3d 730, 735 (7th Cir. 2002). In analyzing whether a complaint has met this standard, the "reviewing court [must] draw on its judicial experience and common sense. *Iqbal*, 556 U.S. at 679.

## DISCUSSION

As much as the Court is able to discern from the pleadings, Straub's claims include age discrimination, color discrimination, retaliation for asserting protected rights (both in the form of employment and in his eventual discharge), the failure to promote, and sexual harassment. (Dkt. Nos. 1, at 3-4; 17, at 4-8.) Jewel does not request dismissal of Straub's age discrimination claim and so it is not addressed below; however the remaining claims are dismissed based upon the following.

I. **Plaintiff's Sexual Harassment and Failure to Promote Claims**

A plaintiff must "avoid foreclosing possible bases for relief in [his] complaint," or in admissions in subsequent pleadings. *Tamayo v. Blagojevich*, 526 F.3d 1074, 1086 (7th Cir. 2008); *see also Cincinnati Ins. Co. v. E. Atl. Ins. Co.*, 260 F.3d 742, 747 (7th Cir. 2001) (a failure to oppose an argument permits an inference of acquiescence and "acquiescence operates as a waiver"). Straub responds to Jewel's motion stating he "is not alleging a sexual harassment claim" and that he "mistakenly alleged 'failure to promote' and thus does not object to that claim being dismissed." (Dkt. No. 29, at 1.)

3

Accordingly, the claims based on the failure to promote (Count III) and sexual harassment (Count IV) are dismissed.

## II. Title VII Color Discrimination

Jewel seeks dismissal of Straub's color discrimination claim because he failed to exhaust his administrative remedies. (Dkt. No. 17, at 4.) Of course a plaintiff must exhaust his administrative remedies by presenting any Title VII and ADEA claims to the EEOC before filing a lawsuit based on employment discrimination. *See* 42 U.S.C. § 2000e-5; 29 U.S.C. § 626(d); *see also Cheek v. W. & S. Life Ins. Co.*, 31 F.3d 497, 500 (7th Cir. 1994). This process provides notice to the employer and gives both the employer and the EEOC an opportunity to settle any disputes outside of litigation. *Cheek*, 31 F.3d at 500.

An exception to this requirement is recognized when there is a "reasonable relationship" between the allegations in the charge and the claims in the complaint. *Id*. However for the exception to apply the federal claim must be "like or reasonably related to the allegations of the [EEOC] charge and growing out of such allegations." *Lavalais v. Vill. of Melrose Park*, 734 F.3d 629, 634 (7th Cir. 2013) (quoting *Jenkins v. Blue Cross Mut. Hosp. Ins.*, 538 F.2d 164, 167 (7th Cir. 1976). At a minimum the narrative in the charge and the federal claim must "describe the *same conduct* and implicate the *same individuals*." *Cheek*, 31 F.3d at 501.

Straub does not put Jewel on notice of color discrimination in his EEOC Charge because he checked the box for "race" box, but not for "color." (Dkt. 1, at 9.) Additionally, Straub stated that Jewel discriminated against him on the basis of race and not his skin-tone after his altercation with two African-American employees. (*Id*.) In

fact nothing in Straub's EEOC Charge suggests his color, or skin-tone, was a causal factor forming the basis of discrimination, and "an allegation of race discrimination does not automatically create the assumption that color is associated." *See Williams v. County of Cook*, 969 F.Supp.2d 1068, 1078 (N.D. Ill. 2013) (Kendall, J.) (citing similar district cases where color and race are distinguished as separate claims). Straub even admits that his claim was grounded in racial discrimination, not on the basis of color. (Dkt. No. 25, at 1.) ("Plaintiff checked the first relevant box, that being 'color,' with the understanding that it encompassed the race claim.") In admitting as much, the claim for color discrimination is dismissed based on failure to exhaust in the EEOC Charge.

Jewel further argues that any attempt to add a race discrimination claim in an amended complaint would be futile because Straub fails to establish facts sufficient to state of claim for reverse race discrimination. (Dkt. No. 29, at 3.) In order to succeed on a claim of reverse race discrimination, a "non-minority plaintiff must be able to plead facts to show why it is likely in this case, that an employer had engaged in such unusual behavior" with the use of "direct evidence of the racial discrimination waged against him." *Phelan v. City of Chicago*, 347 F.3d 679, 685 (7th Cir. 2003). Straub fails to meet this standard because his EEOC charge merely alleges that other employees—whom he fought with—were African Americans that were suspended while he was fired, and that he was discriminated against for being white. (Dkt. No. 1, at 9.) While this certainly puts Jewel on notice of race discrimination claims, Straub's Complaint fails to allege racial discrimination at all and simply repeats the allegation that the other employees he fought with were not fired. (*Id*. at 6.) These facts alone and the lack of evidence supporting his allegations do not permit the Court to make an inference of unusual

behavior by Jewel or the inference that it discriminated against him on account of his race.

However, in construing Straub's complaint liberally, the Court looks to the EEOC Charge and his statements within the Complaint. *See Hudson v. McHugh*, 148 F.3d 859, 864 (7th Cir. 1998) (holding a pro se plaintiff's pleadings should receive liberal construction and give plaintiff a break when the pleading is otherwise understandable). In doing so, Straub checked the box for racial discrimination in his EEOC Charge and he alleged different treatment because he was white. Then, despite not checking the box for "race," he admits that he incorrectly thought checking "color" inferred racial discrimination and his further statements suggests that Jewel treated him differently than the other employees who were part of the physical altercation and who were not white. Although these facts are insufficient to plead a claim for reverse racial discrimination, Straub is granted leave to amend the Complaint to add a claim for racial discrimination that relates back to the initial complaint if he has sufficient evidence and a basis to do so. *See* Fed. R. Civ. P. 15(c)(1)(B) ("the amendment asserts a claim … that arose out of the conduct, transaction, or occurrence set out—*or attempted to be set out*—in the original pleading") (emphasis added).

### III.  Plaintiff's Retaliation Claim

Finally, Straub asserts two separate retaliation claims. (Dkt. 1, at 4, 6, 9.) In order to plead retaliation under Title VII, Straub must plausibly allege the following: (1) he engaged in statutorily protected expression; (2) he suffered an adverse employment action; and (3) there was a causal link between the protected expression and the adverse action. *Culver v. Gorman & Co.*, 416 F.3d 540, 545 (7th Cir. 2005). Straub first claims

that he engaged in protected activity by complaining to "the Union, Management, and [the] Corporate Office" about harassment in the workplace, and that Jewel fired him as a result. (Dkt. No. 1, at 6.) However Straub does not raise these allegations in his EEOC Charge as he is required to do for exhaustion purposes. *See Cheek*, 31 F.3d at 500. Straub's 2017 EEOC Charge is devoid of any mention of his complaints to the union, management, or the Jewel's corporate office. (Dkt. No. 1, at 9.) Additionally, Straub makes no causal connection between this protected activity and the adverse employment action—his termination. (*Id*.) Nor do the facts within his complaint—suggesting his termination based on this protected activity—"grow out" of the EEOC Charge in any identifiable way. Thus, his claim of retaliatory discharge for filing complaints to his union, management and the corporate office are dismissed.

Straub asserts a second retaliation claim as a result of filing a 2010 EEOC Charge, (*Id*. at 6, 9), and this claim fails as well. Straub alleges that Jewel harassed him and changed the terms and conditions of his work duties in response to filing the 2010 charge. (*Id*. at 9.) He further alleges that Jewel demoted him three times after filing the 2010 charge and that Jewel's actions were an attempt at forcing him to quit. (*Id*. at 6.) However Straub's detail stops there and he fails to establish a causal relationship between his filing the EEOC Charge and any specific adverse employment actions by Jewel. Straub does not attach the 2010 EEOC Charge to the Complaint, and he does not identify information such as when and how he was demoted after filing the 2010 Charge. Additionally, he does not establish any causal relationship between filing a charge with the EEOC and his ultimate termination of employment seven years later. *See Carlson v. CSX Transp., Inc.*, 758 F.3d 819, 828 (7th Cir. 2014) (finding that there must be a causal

connection between the protected and adverse actions, and that an inference of causation weakens as the time between the protected expression and the adverse action increases). If Straub seeks to file a claim sounding in retaliation as it relates to his filing an employment discrimination claim in 2010, he must provide more to show the existence of an "ongoing pattern of retaliatory behavior." *Id*. at 829 (quoting *Warren v. Prejean*, 301 F.3d 893, 900 (8th Cir. 2002).

Based on these reasons, Straub's claims based on retaliation pursuant to Title VII are dismissed.

## **CONCLUSION**

For the reasons set forth above, the Motion to Dismiss for failure to state a claim is granted. [17.] Straub's claims based on sexual harassment, failure to promote, color discrimination, and retaliatory discharge are dismissed with prejudice (Counts II, III, IV, V). The retaliation claim based on the 2010 EEOC Charge is dismissed without prejudice in so much as Straub can submit plausible facts and evidence that the claim warrants merit and is timely-filed (Count VI). Straub is also granted leave to amend the Complaint to seek a claim of racial discrimination in so far as he can plausibly plead a prima facie case. The claim based on age discrimination remains.

_____
Hon. Virginia M. Kendall
United States District Judge

Date: April 27, 2018